IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-576-BO

| ARTFUL COLOR, INC., | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MELVIN HALE, | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, the Court declines to exercise jurisdiction and this matter is dismissed.

## BACKGROUND

Plaintiff filed this action seeking a declaratory judgment seeking an order declaring that plaintiff has not infringed on defendant's common law trademark rights and declaring that defendant is infringing on plaintiff's common law trademark rights. Plaintiff also seeks compensation for defendant's trademark infringement, tortious interference with contract, libel per se, and unfair and deceptive trade practices under North Carolina law.

This action involves the printing of digital photographs on other mediums such as canvas and the trademarks related to such process. In 2001, defendant filed for and ultimately received in 2003 trademark registration for his Pix2Canvas mark. Defendant's trademark was cancelled in 2010, however, due to an allegedly inadvertent failure to file a declaration of use. Defendant maintains that he has never stopped using the mark and that he has applied for and is awaiting re-registration of the mark. In 2005, plaintiff, engaged in a similar business, purchased the domain

name www.mypix2canvas.com and since 2010 has used and continues to use the trademark MyPix2Canvas in connection with goods and services it provides on its website. Plaintiff also established a Facebook page using the MyPix2Canvas name.

In June 2012, plaintiff received an email from defendant alleging that plaintiff's use of the MyPix2Canvas name infringed on defendant's Pix2Canvas mark. Plaintiff attempted to negotiate a license agreement with defendant, which apparently was unsuccessful. Defendant then contacted Integral Solutions Group, the service provider for plaintiff's website, alerting them to the alleged infringement. Plaintiff terminated its relationship with Integral Solutions and began using another service provider. Defendant thereafter contacted Facebook and Microsoft alleging that plaintiff was infringing on his intellectual property rights. As referenced in plaintiff's complaint, plaintiff is a corporation organized and existing under North Carolina law with a principal place of business in Apex, North Carolina, and defendant is an individual resident of California. Plaintiff effected service on defendant at his address in California.

## DISCUSSION

A district court may upon the filing of an appropriate pleading "declare the rights and other legal relations of any interested party seeking of any interested party seeking such declarations whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, a district court may in its discretion decline to exercise jurisdiction over a declaratory judgment action as no mandatory obligation to declare the litigant's rights is imposed by the Declaratory Judgment Act. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F3d 419, 421 (4th Cir. 1998). The absence of a parallel state proceeding does not remove the district court's discretion to dismiss a declaratory judgment action. *Id.* at 424. When determining whether to exercise

jurisdiction over a declaratory judgment action in the absence of a parallel state proceeding, a court should consider whether the judgment would serve a useful purpose in clarifying the legal relations at issue and whether a judgment will afford relief from uncertainty, insecurity, and controversy. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). A court's discretion in declining to exercise jurisdiction over a declaratory judgment action is not unfettered, and it may only do so for good reason. *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937).

The Court first concludes that it does in fact have diversity jurisdiction over this action. *Volvo Const. Equip. N. America, Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (in declaratory judgment action court must determine whether it has jurisdiction over the action and whether an actual controversy has been presented). The Court must next determine whether plaintiff has presented an actual controversy within the meaning of the Declaratory Judgment Act. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941). Such a question is one of degree, and a court must determine whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273. In other words, the Declaratory Judgment Act may not be invoked to ask a district court to issue advisory opinions, and the dispute between the parties must be a case or controversy within the confines of Article III of the Constitution. *White v. Nat'l Union Fire Ins. Co. Of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990); *see also MedImmune Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007).

Considering the second prong first, it is apparent that through its use of a mark similar to

3

defendant's plaintiff has engaged in allegedly infringing actions. Considering next whether plaintiff had an objectively reasonable apprehension of litigation, the Court notes that a cease and desist letter *alone* may not amount to an actual controversy. *See e.g. Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp.2d 823, 827-28 (E.D.Va. 2001). Indeed, defendant's cease and desist letter mailed to plaintiff specifically states that he does not desire litigation, that he is not litigious in nature, and that the matter could be resolved through negotiation. [DE 12-2]. Defendant, however, also took additional steps to prevent plaintiff's allegedly infringing behavior, including contacting plaintiff's service providers and Facebook, and thus the Court finds that an actual controversy exists. *See e.g. Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc.*, 619 F. Supp. 998, 1002 (D. Md. 1985) (actual controversy over trademark exists where defendant sent a cease and desist letter, defendant had filed an opposition to plaintiff's published mark, and the parties were unable to settle the matter).

Having determined that it has jurisdiction over this matter, the Court must still consider whether in its discretion it will exercise such jurisdiction. Plaintiff does not raise a federal cause of action in its suit; plaintiff seeks a declaratory judgment related to common law trademark rights in addition to several state law causes of action. While normally the Court is not free to decline to exercise its jurisdiction should it exist, "there is no federal interest whatsoever" in deciding issues of state law in the declaratory judgment context. *Allstate Inc. Co. v. Best*, 728 F. Supp. 1263, 1269 (D.S.C. 1990).

The existence of the Court's personal jurisdiction over defendant, which has been raised by defendant appearing *pro se*, is also questionable. Upon a defendant's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the

4

burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir. 1997). The record in this matter does not support that defendant has purposely availed himself of the privilege of conducting business in North Carolina, *see CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009), nor that he has directed electronic activity into North Carolina with the intent of engaging in business within the state and that such activity has created a potential cause of action in plaintiff. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc..* 293 F.3d 707, 714 (4th Cir. 2002); *see also CareFirst of Maryland, Inc. v. CareFirst Pregnancy Ctrs., Inc.*, 334 F.3d 390 (4th Cir. 2003) (no personal jurisdiction where only connection to forum state is nationwide website). Though plaintiff contends that personal jurisdiction over defendant exists because defendant intentionally directed tortious conduct toward the forum state knowing that harm would be caused to a forum resident, *Carefirst*, 334 F.3d at 397-98, the Court is not inclined to agree that defendant's alleged conduct in contacting a television news station regarding plaintiff's activities and the MyPix2Canvas mark, as well as his contact of Facebook and internet service providers, was in fact tortious. Defendant believes he has a valid trademark and has taken steps to protect it; defendant has not, for example, published allegedly libelous articles that would impugn the reputation of plaintiff. *Calder v. Jones*, 465 U.S. 783, 788 (1984). However, because the Court declines to exercise jurisdiction in this matter, it need not decide such issue with finality.

The Court is mindful that "[t]he [Declaratory Judgment] Act's purposes are better served by encouraging parties to attempt resolution of disputes prior to initiating litigation, and, therefore . . . the exercise of jurisdiction [in this matter] runs counter to the policy of (i) encouraging settlement of disputes prior to litigation and (ii) preventing parties from using declaratory

5

judgment actions as a tool to strengthen a negotiation position or to preempt claimant's choice of forum." *Dunn Computer Corp.*, 133 F. Supp.2d at 829-30. Accordingly, though a judgment in this matter may clarify legal relations and provide relief from uncertainty, because the issue of the Court's personal jurisdiction over defendant is unclear and dismissal of this action would not deprive plaintiff of a forum as plaintiff has raised no exclusively federal claims, the Court declines to exercise its jurisdiction over this declaratory judgment action. The Court further declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c).

## CONCLUSION

For the foregoing reasons, the Court declines to exercise its jurisdiction over this matter and this action is DISMISSED in its entirety without prejudice.

SO ORDERED, this __1__ day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE